FILED
BILLINGS DIV.

2007 APR 23 AM 10 09

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JOEL THOMAS STEINMETZ, ) | Cause No. CV 07-41-BLG-RFC-CSO |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| U.S. CONGRESS, ) | |
| ) | |
| Defendant. ) | |

On March 19, 2007, Plaintiff Joel Thomas Steinmetz ("Mr. Steinmetz") filed this action against the U.S. Congress. By Order (Court's Doc. No. 3) issued April 4, 2007, the Court granted Mr. Steinmetz's motion to proceed in forma pauperis. Mr. Steinmetz is proceeding *pro se*.

## I. *Preliminary Screening*

Pursuant to the federal statutes governing proceedings in forma pauperis, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e); see also *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the

complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. **_Mr. Steinmetz's Allegations_**

Mr. Steinmetz includes in his complaint against the U.S. Congress counts that include allegations of civil rights violations, personal injury/tort, employment discrimination, violations of Congressional Acts, and "Violation of Authorizing Government Agencies to Engage in Criminal Activity." *Cmplt.*, ¶

*IV. Statement of Claims, at 1-3*. Although it is not entirely clear from his complaint, Mr. Steinmetz appears to contend that the U.S. Congress, in enacting and implementing the Administrative Procedures Act (the "APA"), 5 U.S.C. §§ 701, *et seq.*, interfered with his ability to adjudicate in a fair, impartial, and timely manner an employment dispute that he has had since August of 1998. He claims that Congress, by creating and implementing the APA, prevented him from bringing his employment dispute to federal court several years earlier. For his relief, he seeks, *inter alia*, compensatory and punitive damages.

### III. Discussion

Having carefully reviewed Mr. Steinmetz's submissions, the Court concludes that it must recommend dismissal of his complaint. It is well-settled that the government of the United States enjoys sovereign immunity and that it may not be sued without its consent. See Franconia Associates v. United States, 536 U.S. 129, 141 (2002); Lehman v. Nakshian, 553 U.S. 156, 160 (1981); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). Congress, as a branch of the United States government, is entitled to sovereign immunity. See, e.g., Eastland v. United States Servicemen's Fund, 421 U.S. 491, 502 (1975) (Speech and Debate Clause protects against suits by private individuals); Ray v. United States Senate, 1989 WL 156929 (4th Cir. 1989); Keener

v. Congress of the United States, 467 F.2d 952, 953 (5th Cir. 1972). Congress did not waive its sovereign immunity in enacting and implementing the APA. Thus, because Mr. Steinmetz seeks monetary relief from a defendant who is immune, the Court must dismiss his complaint. 28 U.S.C. § 1915(e)(2).

Having so concluded, the Court next turns to the issue of whether Mr. Steinmetz should be afforded an opportunity to amend his complaint. In light of his allegations and the immunity that the U.S. Congress enjoys under federal law, the Court is left with the firm conviction that amendment would be futile.

Based on the foregoing,

**IT IS RECOMMENDED** that Steinmetz's complaint (Court's Doc. No. 1) be dismissed with prejudice. Also,

**IT IS ORDERED** that the Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten days of receipt hereof or objection is waived.

DATED this 23d day of April, 2007.

Carolyn S. Ostby
United States Magistrate Judge