FILED
BILLINGS DIV.

2007 MAY 30 PM 1 08

PATRICK E. DUFFY, CLERK

_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| JOEL THOMAS STEINMETZ, | ) | CV-07-41-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| UNITED STATES CONGRESS | ) | AND RECOMMENDATION OF |
| | ) | U.S. MAGISTRATE JUDGE |
| Defendant. | ) | |
| | ) | |

On April 23, 2007, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. *Doc. 8.* Magistrate Judge Ostby recommends that Plaintiff's Complaint be dismissed with prejudice because it seeks monetary damages from defendants who are immune from such relief.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed objections on May 3, 2007. *Doc. 10.* Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). After a *de novo* review, the Court determines (1) Plaintiff's objections are not well-taken and (2) the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact. **IT IS HEREBY ORDERED** the Findings and Recommendation be adopted in

1

their entirety.

Plaintiff claims it was error for Magistrate Ostby to issue her Findings and Recommendation without first appointing counsel for Plaintiff. However, unlike criminal cases, there is no constitutional right to the assistance of counsel in civil cases. U.S. Const. amend. VI & VII. Although 28 U.S.C. § 1915(e)(1) provides district courts with the authority to appoint counsel in civil cases, it may do so only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (*quoting Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)). After reviewing the filings in this case, the Court is convinced Plaintiff is able to sufficiently articulate his claims. However, as discussed below, it is clear these claims lack merit. For those reasons, Magistrate Judge Ostby properly conducted preliminary screening of this lawsuit prior to appointing counsel.

More importantly, Magistrate Judge Ostby correctly determined Congress has sovereign immunity and thus Plaintiff's Complaint should be dismissed because it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff offers several objections to Magistrate Judge Ostby's recommendation, some of which are undecipherable, none of which circumvent the fact of sovereign immunity. It is clear that in enacting the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq., Congress was acting within "the legitimate legislative sphere" and is thus absolutely immune from interference. *Eastland v.*

*U. S. Servicemen's Fund*, 421 U.S. 491, 501-504 (1975).

Accordingly, **IT IS FURTHER ORDERED** that Plaintiff's Complaint (*Doc. #1*) is **DISMISSED WITH PREJUDICE**. All pending motions are **MOOT**.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 30th day of May, 2007.

/s/ Richard F. Cebull

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE